IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11294
Summary Calendar
_____

MARK ANTHONY CLARK,
also known as Kevin Frank Carter,

                                        Plaintiff-Appellant,

versus

JOHN DOE, 1, Drug Enforcement Agency;
JANE DOE, #1, Booking Officer; DR. VERNON FARTHING;
JOHN DOE, 2, Sergeant Classification Officer;
DON ADDINGTON, Jail Administrator;
D.L. "SONNY" KEESEE, Sheriff,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:97-CV-78-C
- - - - - - - - - -
August 20, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Mark Anthony Clark, federal prisoner # 26409-077, has appealed the dismissal as frivolous of his civil rights action, based on events which allegedly occurred when he was a Lubbock County Jail ("the Jail") inmate.  We AFFIRM.

    Clark alleged claims (1) that he was denied medical treatment for tuberculosis; (2) that he was housed under

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overcrowded, unsafe conditions; (3) that he was exposed to harmful environmental tobacco smoke; and (4) that he was placed in administrative segregation without due process. The magistrate judge filed a report recommending dismissal of the action, based on Clark's answers to a questionnaire and his medical and other jail records. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994); Banuelos v. McFarland, 41 F.3d 232, 233-34 (5th Cir. 1995).

The magistrate judge notified Clark of the necessity for filing objections to the report, citing Fed. R. Civ. P. 72(a) and other authorities. However, Clark made only a general objection that his claims were not frivolous.

In the final order of dismissal with prejudice, the district court observed that Clark's objections were inadequate, then accepted the magistrate judge's report after de novo review. Under these circumstances, Clark is not entitled to relief on appeal unless there was plain error in the district court proceedings. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

Under the plain-error rule, if an appellant shows clear or obvious error that affects his substantial rights, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). When the nature of the claimed error is a question of fact, however, the possibility that such a finding could rise to the level of obvious error required to meet

part of the standard for plain error is remote.  <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995).

Clark's appeal is based on his contention that findings of fact stated in the magistrate judge's report are erroneous, based on his alleged recollection of what happened to him in the Jail. Accordingly, Clark is not entitled to relief on grounds of plain error.  <u>See</u> <u>Robertson</u>, 70 F.3d at 23.

JUDGMENT AFFIRMED.